76    APPELLATE COURTS OF ILLINOIS.

Cohen v. Chicago & Western Indiana Railroad Co., 239 Ill. App. 76.

---

**Evelyn Cohen, Appellee, v. Chicago & Western Indiana Railroad Company, Appellant.**

**Gen. No. 29,311.**

1. PLEADING—*duplicity of declaration predicating duty to light passage under viaduct upon several distinct grounds.* The declaration in an action of negligence for personal injuries sustained in the collision of an automobile with one of the supporting columns in an unlighted passageway under a railroad viaduct over a street, which predicates a duty on the part of the railroad company to

Cohen v. Chicago & Western Indiana Railroad Co., 239 Ill. App. 76.

light such passageway upon three grounds, (1) contract by the railroad company with the city, (2) ordinances requiring the company to provide such lights, and (3) because the company erected in such passageway a tier of columns constituting an obstruction to traffic therein, held bad because duplicitous.

2. PLEADING—*special demurrer as mode of attack upon declaration as duplicitous.* The objection that a declaration is duplicitous may be presented only by special demurrer.

3. PLEADING—*disregard of duplicity in declaration in absence of attack by special demurrer.* Where no special demurrer is filed presenting the objection that the declaration in an action of negligence is duplicitous, the defect must be disregarded on appeal.

4. PLEADING—*disregard as surplusage of grounds of action assailable as duplicitous, where declaration states cause of action.* Where the declaration in an action of negligence, although duplicitous because predicating the duty alleged to have been breached upon three distinct grounds, is not assailed by special demurrer pointing out such defect, the court on appeal may, if the declaration states one good ground for the action, disregard the other alleged grounds of the action as surplusage.

5. MUNICIPAL CORPORATIONS—*validity of ordinance substantially re-enacting ordinance previously held invalid.* Provisions of an ordinance requiring a railroad company to provide lights for the passageway under its viaduct crossing a street, which are substantially a re-enactment of prior ordinances declared invalid because not within the city's police power, are likewise invalid and impose no legal duty upon the railroad company to provide such lights.

6. PUBLIC SERVICE—*municipal power to enact ordinance requiring railroad to light passageway under viaduct crossing street.* An ordinance requiring a railroad company to provide lights for the passageway under one of its viaducts crossing a street, because regulatory of a public utility, is beyond the power of the city to enact.

7. HIGHWAYS—*sufficiency of declaration predicating duty to light passageway under viaduct upon provisions of invalid ordinance.* Where ordinances requiring a railroad company to provide lights for the passageway under a viaduct crossing a street were invalid because beyond the city's police power to enact and because regulatory of a public utility, a declaration in an action of negligence, in so far as it predicated liability upon violation of such ordinances, was subject to general demurrer.

8. HIGHWAYS—*admissions by demurrer to declaration alleging duty to light passageway under viaduct because supporting columns menaced traffic.* Where a declaration contained averments to the effect that a tier of columns erected by a railroad company in

the passageway under its viaduct crossing a street constituted an obstruction to traffic against which it was the duty of the company to protect the public, a demurrer thereto must be held to admit that such columns constituted an obstruction to traffic, and that there resulted a duty on the part of the company to safeguard the public from danger in using the street, although a like duty also rested upon the city.

9. HIGHWAYS—*sufficiency of declaration in negligence for personal injuries predicating liability upon breach of duty to light passageway under viaduct crossing street.* A declaration in an action of negligence for personal injuries in a collision between an automobile and a column erected by a railroad company in an unlighted passageway under its viaduct crossing a street, the averments of which to the effect that such column was an obstruction to traffic and a menace thereto in the absence of lights at any time and that in consequence of such want of lights the accident took place, were in effect admitted by demurrer, held to state a good cause of action with respect to the liability of the company for maintaining such structure and its breach of duty in respect thereof.

Appeal by defendant from the Superior Court of Cook county; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the second division of this court for the first district at the March term, 1924. Affirmed. Opinion filed December 8, 1925.

C. G. AUSTIN, JR., J. RAYMOND BARSE and SAMUEL KASSEL, for appellant.

LEESMAN & ROEMER, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This is a personal injury suit in which the court overruled defendant's general and special demurrers to the declaration. Defendant stood by the same, and it was agreed that the court might enter a finding in favor of the plaintiff in the sum of $3,000. The only question to be decided is whether the court properly overruled said demurrers and entered judgment on the finding.

The declaration alleges in substance that defendant operated a railroad over and across West 64th street between Lowe and Parnell avenues, Chicago; that on

October 23, 1899, a certain track elevation ordinance of the City of Chicago became effective providing for the elevation of the track and roadbeds of divers railroad companies within the limits of the city, including those of defendant referred to; that defendant accepted said ordinance and prior to the accident in question elevated its said tracks and roadbed over said 64th street between said avenues, pursuant to and in accordance with said ordinance; that section 12 of said ordinance required the railroad companies to light the subways authorized to be constructed in the manner prescribed by the ordinance then in force for the lighting of the portion of their tracks at said street crossings; that there was then in force a certain ordinance of the City of Chicago which required all railroad companies whose tracks crossed any of the streets of said city above the level of such streets to provide at their own expense proper and sufficient lights and care for the same at all such crossings underneath the track or tracks of said railroad companies, and penalized said companies for failure to comply with such provisions; that said ordinance was re-enacted in substantially the same language in the Municipal Code of 1905, and that the last-mentioned ordinance was re-enacted in the Chicago Code of 1911 in substantially the same form, and that the ordinances as originally enacted and re-enacted remained continuously in force from 1897 down to January 10, 1922, the date of the alleged accident.

The declaration then proceeds to aver that on the latter date plaintiff was riding in an automobile on said 64th street, between said avenues and that defendant "carelessly, negligently and wrongfully, and in violation of said ordinances aforesaid failed and neglected to provide at its own expense proper and sufficient lights and to care for the same at the place aforesaid and thereby as a result of said negligence, and in violation of the ordinances aforesaid the subway

under the tracks of the defendant over 64th street was inadequately and insufficiently lighted, and the center tier of columns of said viaduct erected at or near the center of said 64th street, constituted a menace to persons lawfully using said street, * * * ''; that while plaintiff was ''lawfully and properly riding in said automobile in the exercise of ordinary care,'' etc., ''because of the negligence of the defendant as aforesaid,'' said automobile did ''run into and collide with the supporting columns of the defendant's said viaduct over the said 64th street,'' and thereby plaintiff was thrown and injured, etc.

The negligence upon which the cause of action purports to rest is the failure of defendant to provide proper and sufficient lights in the subway under its elevated tracks at the place in question. So far as disclosed by the facts pleaded the duty to provide such lights rests upon three distinct grounds: (1) because the company contracted to furnish such lights by accepting the elevation ordinance with the provision therein requiring it to do so; (2) because the company was required to provide such lights by the other ordinances pleaded which provided a penalty for its failure to do so, and (3) because defendant erected near the center of the street underneath the elevated structure a tier of columns which constituted a menace or obstruction to traffic therein.

Pleading these three different grounds for recovery renders the declaration duplicitous. Such a defect, however, must be reached by special demurrer, and none was filed presenting that ground. That defect, therefore, must be disregarded.

If, however, the declaration states one good ground of action, in the absence of such a demurrer we may treat the other alleged grounds of the action as surplusage.

So far as the declaration rests upon the duty of defendant to provide such lights because required to do

so by the several ordinances other than the elevation ordinance pleaded it unquestionably is subject to a general demurrer. The provision requiring railroad companies to provide lights under their elevated tracks, in force at the time defendant accepted the elevation ordinance and which was re-enacted in slightly varying language in subsequent provisions of the Chicago Code, was declared invalid in *City of Chicago v. Pennsylvania Co.*, 252 Ill. 185, on the ground that an attempt of the city to impose upon the railroad company the duty to provide such lights did not come within the purview of its police power. That being so, there could, of course, be no validity to the re-enactment of the unconstitutional provision. (8 Cyc. 805.) It follows, therefore, that the provision for such lighting in the several invalid ordinances imposed no legal duty on the railroad company to furnish such lights. The provision, too, being regulatory of a public utility the city now has no power to pass or enforce an ordinance of that character. (*Northern Trust Co. v. Chicago Rys. Co.*, 318 Ill. 402.)

Whether the elevation ordinance imposed a contractual duty on defendant to light the subway need not be considered if averments in the declaration to the effect that the columns erected in the street underneath the elevated structure constituted an obstruction against which it was the duty of defendant to protect the public lawfully and properly using the subway, state a cause of action. The demurrer must be held to admit that the center tier of columns in the subway constituted an obstruction to traffic, and as they were placed there by defendant as a part of its structure it became the duty of defendant, even though it were also the duty of the city, to safeguard the public from any danger in using the street. Whether the accident took place in daylight or darkness does not appear, or whether it was necessary to light the subway in the daytime. With these questions of fact we are not concerned so long

as the demurrer admits the existence of an obstruction and that it was a menace in the absence of lights at any time, and that in consequence of the subway not being lighted the accident took place. We think, therefore, that the declaration sufficiently states a cause of action with respect to defendant's liability for maintaining a structure in the street which constituted a menace or obstruction to traffic unless properly lighted and that it neglected its duty in that respect.

*Affirmed.*

GRIDLEY and FITCH, JJ., concur.